Davis, J.,
delivered tbe opinion of tbe court:
In tbe case of tbe Concord tbe court bad occasion to construe tbe proviso in section 4 of tbe deficiency act of Marcli 3, 1891 (1 Supp. Rev. Stat., 2 ed., p. 925), wbicb reads as follows:
“Be it enacted, etc., That tbe following sums be, and tliesame are hereby, appropriated, out of any money in tbe Treasury not otherwise appropriated, to supply deficiencies in tbe appropriations for tbe fiscal year eighteen hundred and ninety-one, and for prior years, and for other objects hereinafter stated.
* * * * * * *
“ Sec. 4. To pay tbe findings of tbe Court of Claims on tbe following claims for indemnity for spoliations by tbe French prior to July thirty-first, eighteen hundred and one, under tbe act entitled ‘An act to provide for tbe ascertainment of claims of American citizens for spoliations committed by tbe French prior to tbe thirty-first day of July, eighteen hundred and one,’namely: * * * [Here follow specific appropriations to numerous persons by name upon different vessels named,.]
“Provided, That in all cases where the original sufferers were adjudicated bankrupts the award shall be made on behalf of the nest of kin instead of to assignees in bankruptcy. And the awards in the cases of individual claimants shall not be paid until the Court of Claims shall certify to the Secretary of the Treasury that the personal representatives on whose behalf the award is made represent the next of kin, and the courts which granted the administrations, respectively, shall have certified that the legal representatives have given adequate security for the legal disbursement of the awards.”
And we held:
“That the proviso means that in all future reports to Congress the court shall regard tbe administrator of tbe original sufferer, representing tbe next of kin, as entitled to the amounts found due, instead of the assignees in bankruptcy, wherever the original sufferers were declared bankrupts.
“The court will, however, find the fact of adjudication in bankruptcy and the appointment of assignees, and will report the same for the information of Congress.”
As many claims had been filed in the name of the administrator of the assignee in bankruptcy who held the title in law to the proceeds of these claims, and as the statute came to these plaintiffs in the nature of a surprise, we delayed final action under this construction at the suggestion and by the desire of parties in interest. The time has, however, now arrived for disposing of these cases, and we shall therefore proceed in accordance with the terms of the opinion above re *330 cited. In tbe case at bar two administrators, claiming to represent the next of kin, have moved to be substituted for tlie administrators of tbe assignee in bankruptcy; they are allowed to intervene herein, and findings will be filed when proof as to identity shall have been made in these two instances.